UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE LEE GEE,
    Plaintiff,

v.    Case No. 12-C-0965

CHRISTIAN LEE ODOM and GREAT
LAKES HIGHER EDUCATION GUARANTEE
CORPORATION,
    Defendants.

## DECISION AND ORDER

Freddie Lee Gee, proceeding pro se, has filed a complaint against Great Lakes Higher Education Guarantee Corporation ("Great Lakes") and Christian Odom, one of Great Lakes's employees. According to the complaint, since about 2010, Great Lakes has been attempting to collect a delinquent student loan from Gee. Gee denies having applied for the loan and believes that he was the victim of identity theft. Gee alleges that although he provided proof to Great Lakes that he was not the borrower, Great Lakes continued in its efforts to collect the loan from him and "confiscated" his Social Security disability payments and other payments from the United States Treasury.[1] Great Lakes and Odom have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

---

[1] Gee does not explain what he means by "confiscate," but the most likely inference is that the federal government applied his Social Security benefits and other payments to his unpaid student loans through the Treasury Offset Program. See 31 U.S.C. § 3701; Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521, 2524–2525 (2010). See also http://www.fms.treas.gov/debt/top.html (last viewed January 25, 2013).

Initially, I must determine whether I have subject matter jurisdiction. See Wisconsin Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). Gee does not expressly allege any federal claim against the defendants, and both he and the defendants appear to be citizens of Wisconsin. Thus, the usual grounds for federal subject matter jurisdiction—the presence of a federal claim and diversity of citizenship—are not present. See 28 U.S.C. §§ 1331 & 1332. According to the defendants, Gee may have a claim under the Higher Education Act, 20 U.S.C. § 1001 et seq. and its accompanying regulations. However, any such claim must be brought against the Secretary of Education rather than a guarantee agency such as Great Lakes. See Slovenic v. DePaul University, 332 F.3d 1068, 1069 (7th Cir. 2003). Thus, the Higher Education Act does not provide a basis for subject matter jurisdiction in this case.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. To the extent Gee believes that he has viable state-law claims against the defendants, he is free to file a complaint in state court. However, I urge Gee to consider whether he should pursue administrative remedies with the Secretary of Education rather than continue to file lawsuits against Great Lakes and its employees.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that the clerk of court shall enter final judgment.

Dated at Milwaukee, Wisconsin this 29th day of January 2013.

                                                                                    s/ Lynn Adelman
                                                                       _____
                                                                       LYNN ADELMAN
                                                                       District Judge